Teresa S. Renaker – CA State Bar No. 187800
Nina Wasow – CA State Bar No. 242047
LEWIS, FEINBERG, LEE, RENAKER & JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
trenaker@lewisfeinberg.com
nwasow@lewisfeinberg.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN DOE,

        Plaintiff,

vs.

CENDANT CORPORATION SHORT TERM DISABILITY PLAN,

        Defendant.

Case No. C07-04908

COMPLAINT (ERISA)

**JURISDICTION**

1. This action for declaratory, injunctive, and monetary relief is brought pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). This Court has subject matter jurisdiction over Plaintiff's claims pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

**VENUE**

2. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the breaches alleged occurred in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

### INTRADISTRICT ASSIGNMENT

3. Pursuant to Civil Local Rule 3-2, this action is appropriately assigned to the San Francisco or Oakland Division because this action arises in Contra Costa County, in that Plaintiff resides in and some of the breaches alleged occurred in Contra Costa County.

### PARTIES

4. At all relevant times, Plaintiff John Doe ("Plaintiff") was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Defendant Cendant Corporation Short Term Disability Plan ("the Plan" or "Defendant"). Plaintiff resides in Martinez, California.

5. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by Cendant Corporation ("Cendant"), and administered in Parsippany, New Jersey. At all relevant times, the Plan offered, *inter alia*, short-term disability benefits to employees, including Plaintiff, which were self-funded by Cendant.

### FACTS

6. Plaintiff began working for Trendwest in May 1999 as a Sales Representative at the Novato store. His Employee Identification Number was 187107. Trendwest markets and sells vacation ownership interests (timeshares). In approximately October 2000, Plaintiff became the Assistant Manager of the Novato store. In January 2001, he was promoted to Sales Manager, and in July 2001, he became Project Director in Novato.

7. On information and belief, in approximately April 2002, Trendwest was acquired by Cendant Corporation, at which point Plaintiff became an employee of Cendant and a participant in the Plan.

8. In January 2003, Plaintiff took a position as Sales Manager at the San Jose store. In February 2004, he became Sales Manager at the Walnut Creek store. He continued in that position until the termination of his employment with Trendwest on November 19, 2004.

9. As a Sales Manager, Plaintiff was responsible for training and managing a team of sales representatives. He also oversaw all sales and assisted with closing transactions. He worked approximately 50-60 hours per week.

10. On or about April 20, 2004, Plaintiff approached his supervisor, Tamer Mamou, and told him that he wanted to take a leave of absence to seek treatment for alcohol abuse. In Plaintiff's presence, Mr. Mamou called Kevin Fiore, Cendant Regional Vice President, and Michael Meic in Cendant's Human Resources department, who approved Plaintiff's request. He took a leave of absence starting that day.

11. On April 23, 2004, Plaintiff entered an inpatient detoxification and rehabilitation program at the Betty Ford Center in Rancho Mirage, California. He successfully completed that program.

12. On May 21, 2004, Plaintiff was discharged from the Betty Ford Center into an outpatient treatment program at Kaiser Permanente Walnut Creek Medical Center. He began treatment at Kaiser Walnut Creek on May 24, 2004.

13. In July 2004, Plaintiff relapsed, and as a result sought more intensive outpatient treatment at the Chemical Dependency Recovery Program (CDRP) at Kaiser Permanente Oakland Medical Center. He was admitted to CDRP on August 7, 2004, and graduated in February 2005.

14. The Plan provides for short-term disability benefits for up to 25 weeks. To be eligible for these benefits, an employee must meet the Plan's definition of total or partial disability. Total disability is defined as earning less than 20% of pre-disability salary due to an injury or illness (specifically including substance abuse or mental illness) which prevents the employee from performing all of the essential duties of his or her job.

15. The Plan further provides that short-term disability benefits will commence on the sixth consecutive working day of absence due to disability. The percentage of salary paid depends upon years of service. Because Plaintiff had worked for Trendwest and Cendant for just under five years when he became disabled, he was entitled to receive 100% of his salary for 10 weeks and 70% of his salary for 15 weeks, less an offset for any other disability benefits received.

16. At all relevant times, CORE WorkAbility was a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21), in that CORE WorkAbility acted as claims

fiduciary for the Plan and exercised authority and control over the payment of short-term disability benefits, which are assets of the Plan. On information and belief, CORE had authority to approve claims for benefits under the Plan.

17. On information and belief, between September 13, 2004, and October 27, 2004, CORE WorkAbility changed its name to Broadspire. Broadspire was also a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21), in that Broadspire acted as claims fiduciary for the Plan and exercised authority and control over the payment of short-term disability benefits, which are assets of the Plan. On information and belief, Broadspire had authority to approve claims for benefits under the Plan.

18. By letter dated August 19, 2004, CORE informed Plaintiff that he was approved for short-term disability benefits for April 23, 2004 through May 20, 2004.

19. By letter dated August 27, 2004, CORE informed Plaintiff that he was approved for benefits for May 21, 2004 through August 22, 2004.

20. By letter dated September 13, 2004, CORE informed Plaintiff that he was approved for benefits for August 23, 2004 through October 1, 2004.

21. By letter dated October 27, 2004, Broadspire informed Plaintiff that he was approved for benefits for October 2, 2004 through October 18, 2004.

22. Despite having been approved for benefits, Plaintiff never received payment from the Plan.

23. By letter dated November 19, 2004, Trendwest's Director of Human Resources, Michael Meic, informed Plaintiff that his employment was terminated pursuant to a company policy that leaves of absence longer than six months are subject to administrative termination.

24. In November, 2004, Plaintiff called a Human Resources representative, Woody Whitaker, to inquire as to the status of payment of his short-term disability benefits. Mr. Whitaker informed Plaintiff that Cendant did not intend to pay the approved benefits.

## FIRST CLAIM FOR RELIEF

**[Claim for Benefits Pursuant to ERISA § 502(a)(1)(B)]**

33. Plaintiff incorporates Paragraphs 1 through 25 as though fully set forth herein.

COMPLAINT                                                                                       Page 4

34. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or to clarify his rights to future benefits under the terms of a plan.

35. Plaintiff is entitled to short-term disability benefits under the Plan for the period from April 23, 2004, through October 18, 2004, but the Plan has failed to pay the benefits.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare that Defendant violated the terms of the Plan by failing to pay Plaintiff short-term disability benefits pursuant to the terms of the Plan from April 23, 2004 through October 18, 2004;

B. Order Defendant to pay short-term disability benefits to Plaintiff from April 23, 2004 through October 18, 2004, together with prejudgment interest on each and every such monthly payment through the date judgment is entered herein;

C. Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

D. Provide such other relief as the Court deems equitable and just.

Dated: 9/21/07

Respectfully submitted,

LEWIS, FEINBERG, LEE, RENAKER & JACKSON P.C.

By: _____
Nina Wasow

Attorneys for Plaintiff