KATHARINE H. PARKER, *Admission Pro Hac Vice Pending*
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
Telephone: 212.969.3000
Fax: 212.969.2900
kparker@proskauer.com

DAWN M. IRIZARRY
GEORGE SAMUEL CLEAVER
PROSKAUER ROSE LLP
2049 Century Park East
32nd Floor
Los Angeles, CA 90067-3206
Telephone 310.557.2900
Fax 310.557.2193
dirizarry@proskauer.com
scleaver@proskauer.com

Attorneys for Defendant
Cendant Corporation Short Term Disability Plan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE<br><br>Plaintiff,<br><br>v.<br><br>CENDANT CORPORATION SHORT TERM DISABILITY PLAN,<br><br>Defendant. | Case No. C 07 - 04908 MHP<br><br>**ANSWER TO COMPLAINT** |

Defendant The Cendant Corporation Short Term Disability Plan ("Defendant"), by its attorneys, Proskauer Rose LLP, answers the Complaint as follows:

**AS TO JURISDICTION**

1. Denies the allegations contained in paragraph 1 of the Complaint, except admits that Plaintiff purports to bring the claims, seek the relief recited therein, and invoke the Court's jurisdiction pursuant to the statutes referenced therein.

**AS TO VENUE**

2. Denies the allegations contained in paragraph 2 of the Complaint, except admits that Plaintiff purports that venue is appropriate in this Court for the reasons and pursuant to the statutes referenced therein.

**AS TO INTRADISTRICT ASSIGNMENT**

3. Denies the allegations of paragraph 3, except admits that Plaintiff purports that this action was appropriately assigned pursuant to the rule cited therein.

**AS TO THE PARTIES**

4. Denies the allegations contained in paragraph 4 of the Complaint, except admits that Plaintiff was eligible for benefits under Cendant Corporation's short-term disability plan (the "Plan"), subject to the terms and conditions of the Plan including, without limitation, the Plan's offset and benefit reduction provisions, and declines to plead to the extent the allegations assert legal conclusions to which no response is required.

5. Denies the allegations contained in paragraph 5 of the Complaint, except declines to plead to the extent the paragraph contains legal assertions that do not require a response, and admits that Plaintiff was eligible for benefits under the Plan, subject to the terms and conditions of the Plan, including, without limitation, the Plan's offset and benefit reduction provisions. Defendant further admits that the Plan provided short-term disability benefits, that it was sponsored by Cendant Corporation (n/k/a Avis Budget Group, Inc., located in Parsippany, New Jersey) and that the Plan was self-funded by Cendant Corporation ("Cendant").

**AS TO THE FACTS**

6. Denies the allegations contained in paragraph 6 of the Complaint, except admits that on or about May 4, 1999, Trendwest hired Plaintiff as a Sales Representative and that he was assigned employee identification number 187107. Defendant further admits that Trendwest markets and sells vacation ownership interests, that on or about October 31, 2000, Plaintiff became Assistant Sales Manager of Trendwest's Novato location, and that Plaintiff became a Project Manager on or about July 20, 2001.

7. Denies the allegations contained in paragraph 7 of the Complaint, except admits that Cendant acquired 90% of Trendwest on or about May 1, 2002, and that Cendant acquired the remaining 10% of Trendwest on or about June 3, 2002.

8. Denies the allegations contained in paragraph 8 of the Complaint, except admits that on or about March 16, 2004, Plaintiff became Sales Manager of Trendwest's Walnut Creek location.

9. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9, except admits that, as a Sales Manager, Plaintiff was responsible for managing a team of sales representatives and for overseeing sales and assisting with closings.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint, except admits that the Plan provided short-term disability benefits to its employees and refers the Court to the Plan documents for all of the Plan's terms and conditions.

15. Denies the allegations contained in paragraph 15 of the Complaint, except admits that the Plan provided short-term disability benefits, subject to certain terms and conditions, and refers the Court to the Plan documents for all of the Plan's terms and conditions.

16. Denies the allegations contained in paragraph 16 of the Complaint, except admits that CORE WorkAbility acted as a claims administrator for the Plan, and declines to plead to the extent the allegations assert legal conclusions to which no response is required.

17. Denies the allegations contained in paragraph 17 of the Complaint, except admits that on or about June 2004, CORE Workability changed its name to Broadspire, and declines to plead to the extent the allegations assert legal conclusions to which no response is required.

18. Admits the allegations contained in paragraph 18 of the Complaint and refers to that document for the contents therein.

19. Admits the allegations contained in paragraph 19 of the Complaint and refers to that document for the contents therein.

20. Denies the allegations contained in paragraph 20 of the Complaint, except admits that on or about September 13, 2004, CORE sent Plaintiff a letter informing Plaintiff that his absence was clinically substantiated for August 23, 2004 through October 1, 2004, and refers the Court to the letter for its contents.

21. Admits the allegations contained in paragraph 21 of the Complaint.

22. Admits the allegations contained in paragraph 22 of the Complaint, and avers that Plaintiff's benefits were further offset in accordance with the Plan by State Disability Insurance benefits the Plaintiff received from the State of California.

23. Denies the allegations contained in paragraph 23 of the Complaint, except admits that Mr. Meic informed Plaintiff that his employment was terminated, and refers the Court to the letter for its contents.

24. Denies the allegations contained in paragraph 24 of the Complaint.

**AS TO PLAINTIFF'S FIRST CLAIM FOR RELIEF[1]**

33. Repeats and realleges its responses to paragraphs 1 24 of the Complaint as though fully set forth herein.

34. Denies the allegations contained in paragraph 34 of the Complaint, except declines to plead to the extent the paragraph asserts legal conclusions that do not require a response.

35. Denies the allegations contained in paragraph 35 of the Complaint.

---

[1] Defendant has followed the same numbered paragraphs set forth in Plaintiff's complaint. The numbered allegations in Plaintiff's complaint skip from numbered paragraph 24 to 33. Accordingly, Defendant's numbered paragraphs also skip from 24 to 33.

**AS TO PLAINTIFF'S PRAYER FOR RELIEF**

Defendant denies the allegations in their entirety in Plaintiff's Prayer for Relief.

**AFFIRMATIVE DEFENSES**

As for separate Affirmative Defenses to the Complaint, and without conceding that defendant bears the burden of proof or persuasion with respect to any of them, and without prejudice to defendant's rights to assert any other defenses that it becomes aware of through discovery, Defendant alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

36. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

37. The action is barred, in whole or in part, because Plaintiff has failed to properly exhaust the administrative and claims review procedures of the Plan and under and pursuant to ERISA and the regulations promulgated thereunder.

**THIRD AFFIRMATIVE DEFENSE**

38. Plaintiff's claims are barred, in whole or in part, as to any matter not raised in the administrative claim process.

**FOURTH AFFIRMATIVE DEFENSE**

39. Plaintiff's claims are barred, in whole or in part, because Plaintiff is not entitled to the damages he seeks.

**FIFTH AFFIRMATIVE DEFENSE**

40. Plaintiff's claims are barred, in whole or in part, because Plaintiff was not entitled to payment of any benefits under the Plan and/or his benefits were fully offset by the benefits Plaintiff received from the State of California in accordance with the Plan's terms.

**SIXTH AFFIRMATIVE DEFENSE**

41. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or filing periods and/or doctrine of laches.

**WHEREFORE**, Defendant requests that the Court enter judgment in its favor and dismiss the Complaint in its entirety, and award Defendant its attorneys' fees and costs and such other relief as the Court deems just and proper.

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations or persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be affected by the outcome of this proceeding: Wyndham Worldwide Corporation ("Wyndham"). In 2006, Cendant Corporation executed a separation plan resulting in four successor corporations. As part of the separation plan, Plaintiff's employer, Trendwest, became part of Wyndham. Wyndham will be liable for the amount of any judgment in favor of Plaintiff.

DATED: December 3, 2007

KATHARINE H. PARKER
DAWN M. IRIZARRY
GEORGE SAMUEL CLEAVER
PROSKAUER ROSE LLP

/s/ George Samuel Cleaver

George Samuel Cleaver
Attorneys for Defendant,
Cendant Corporation Short Term Disability Plan