1  KATHARINE H. PARKER, *Appearance Pro Hac Vice*
   PROSKAUER ROSE LLP
2  1585 Broadway
   New York, NY  10036-8299
3  Telephone 212.969.3000
   Fax 212.969.2900
4  kparker@proskauer.com

5  DAWN M. IRIZARRY, SBN 223303
   GEORGE SAMUEL CLEAVER, SBN 245717
6  PROSKAUER ROSE LLP
   2049 Century Park East, 32nd Floor
7  Los Angeles, CA  90067-3206
   Telephone:    (310) 557-2900
8  Facsimile:    (310) 557-2193
   dirizarry@proskauer.com
9  scleaver@proskauer.com

10

11 Attorneys for Defendant
   CENDANT CORPORATION SHORT TERM
12 DISABILITY PLAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, | Case No. C 07-04908 MHP |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** |
| v. | |
| CENDANT CORPORATION SHORT TERM DISABILITY PLAN, | JUDGE:  Hon. Marilyn Hall Patel<br>CTRM:   15, 18th Floor<br>DATE:   January 7, 2008 |
| Defendant. | TIME:   4:00 p.m. |
| | Action Filed: December 28, 2007 |

Pursuant to Local Rule 16-9, defendant Cendant Corporation Short Term Disability Plan ("the Plan"), and plaintiff John Doe ("Mr. Doe" or "Plaintiff"), jointly submit this Case Management Statement.

**1.   JURISDICTION AND SERVICE**

This Court has subject matter jurisdiction over Plaintiff's claims pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

Plaintiffs have asserted that personal jurisdiction exists and venue is proper, and no parties remain to be served.

**2.   FACTS**

Mr. Doe began working for Trendwest in May 1999 as a Sales Representative. Trendwest markets and sells vacation ownership interests. Mr. Doe held various positions with Trendwest including Assistant Sales Manager and Project Manager. Trendwest was acquired by Cendant Corporation in 2002.

There is no dispute that Mr. Doe applied and was approved for short-term disability benefits under the Plan from April 23, 2004 through October 18, 2004. It is undisputed that Mr. Doe was never paid by the Plan; however, Defendant avers that Plaintiff was not owed any benefits under the Plan because they were completely offset by State Disability Insurance benefits. Plaintiff contends that the version of the Plan and/or Summary Plan Description in effect at the relevant time entitled Mr. Doe to an amount of benefits that would not have been completely offset by State Disability Insurance, and that if the Plan had been amended, Mr. Doe received no notice of the amendment. Mr. Doe was terminated by Cendant Corporation in November 2004.

Thus, the principal factual issue in dispute is the amount of short-term disability benefits Mr. Doe is owed, if any.

**3.   LEGAL ISSUES**

A.   Whether Mr. Doe is entitled to any amount of benefits under the terms of the Plan.

**4.   MOTIONS**

The parties anticipate filing cross-motions for summary judgment.

JOINT CASE MANAGEMENT STATEMENT [CASE NO. 07-4908 MHP]

**5.    AMENDMENT OF PLEADINGS**

The parties do not yet know whether any amendment of pleadings will be necessary. Any amendments will be made no later than March 3, 2008.

**6.    EVIDENCE PRESERVATION**

All evidence has been preserved.

**7.    DISCLOSURES**

The parties exchanged initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on December 31, 2007.

**8.    DISCOVERY**

No discovery has been taken to date, and the parties expect that discovery will be limited in scope. Plaintiff expects to conduct discovery about the terms of the Plan and Summary Plan Description and the timing and content of any amendments thereto, including notice of amendments or material modifications, and the claims procedure for Mr. Doe's claim.

The parties do not propose to limit or modify the discovery rules.

**9.    CLASS ACTIONS**

Not applicable.

**10.    RELATED CASES**

None.

**11.    RELIEF**

Plaintiff seeks payment of short-term disability benefits for the period from April 23, 2004, to October 18, 2004, plus prejudgment interest thereon. The principal amount of benefits due is $30,291. This amount was calculated as follows. As shown in the summary plan description produced herewith, for an employee of Mr. Doe's tenure, the Plan provides up to 10 weeks of benefits at 100% of regular salary and up to 15 weeks at 70% of regular salary, with a reduction for state disability benefits. (P014.) Mr. Doe's covered salary was $123,000 per year (P010) and he received state disability benefits of $728 per week (P029). Thus, Plaintiff's past-due benefits net of state disability are $30,291.00, plus prejudgment interest. In addition, if Plaintiff prevails,

8086/76946-002
Current/10491487v2

- 3 -
JOINT CASE MANAGEMENT STATEMENT [CASE NO. 07-4908 MHP]

he will seek to recover his attorneys' fees and costs of suit pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

Defendant disagrees with Plaintiff's claim for relief. It is Defendant's position that Plaintiff was eligible for a maximum benefit of $500 per week in short-term disability benefits, as per the March 1, 2004 amendment to the short-term disability plan that impacted certain sales employees of Trendwest (including Plaintiff), less any amounts received from California state in disability benefits. Because the Plaintiff received $728 per week from California in short-term disability benefits, his benefits under the Plan were fully offset, such that Plaintiff was not entitled to any benefits under the Plan.

Defendant disputes that Plaintiff did not receive notice of the change to the short term disability plan. Notice was provided in February 2004, prior to Plaintiff taking leave, and the change to the plan also was effective prior to Plaintiff taking leave.

Plaintiff disagrees with Defendant's calculation because the purported Plan amendment was not properly made and never reflected in the SPD.

**12.    SETTLEMENT AND ADR**

The parties have not engaged in settlement discussions to date. The parties believe that conducting discovery on the terms of the Plan will be necessary to position the parties to negotiate a resolution. The parties intend to participate in mediation as soon as possible thereafter.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent.

**14.    OTHER REFERENCES**

None suitable.

**15.    NARROWING OF ISSUES**

Several issues have already been narrowed through responsive pleading, and the parties anticipate that the dispositive issue – whether Plaintiffs' short-term disability benefits are entirely offset under the terms of the Plan – can be narrowed by motions for summary judgment. The parties do not request to bifurcate issues, claims, or defenses.

**16. EXPEDITED SCHEDULE**

Please see the proposed schedule in item No. 17.

**17. SCHEDULING**

The parties propose the following dates:

Discovery cutoff: March 3, 2008

Deadline for filing all dispositive motions: May 5, 2008

Trial: following decision on dispositive motions, according to the Court's calendar

**18. TRIAL**

One day bench trial.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Defendant discloses that Wyndham Worldwide Corporation has a financial interest in the outcome of the case.

Plaintiff knows of no non-party interested entity or person other than that disclosed by Defendant.

**20. OTHER MATTERS**

Defendant herby attests that counsel for Plaintiff have authorized Defendant to electronically sign this Joint Case Management Statement on Plaintiff's behalf.

DATED: December 31, 2007                LEWIS, FEINBERG, LEE,
                                        RENAKER & JACKSON, P.C.

                                        By:  /s/Teresa S. Renaker
                                             Teresa S. Renaker
                                             Nina Wasow
                                        *Attorneys for Plaintiff*

DATED: December 31, 2007                PROSKAUER ROSE LLP

                                        By:  /s/George Samuel Cleaver
                                             Katharine H. Parker
                                             Dawn M. Irizarry
                                             George Samuel Cleaver
                                        *Attorneys for Defendant*

**[PROPOSED] ORDER**

The above Joint Case Management Statement is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this order. In addition, the Court orders:

DATED: January, ___, 2008

                                          Marilyn Hall Patel
                                UNITED STATES DISTRICT JUDGE